**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| STEVEN DAMRON, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) **Jury Demanded** |
| HSI FINANCIAL SERVICES, LLC, | ) ) |
| Defendant. | ) |

**COMPLAINT - CLASS ACTION**

Plaintiff, STEVEN DAMRON, individually and on behalf of all others similarly situated, brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") for violation by the Defendant, HSI FINANCIAL SERVICES, LLC.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. §1337, and 47 U.S.C. § 227 (TCPA).

2.      Venue in this District is proper because the acts occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES & FACTS**

3.      Plaintiff STEVEN DAMRON is, and at all times mentioned herein was, an individual citizen of the State of Florida, who resides in Spring Hill, Florida, which is located in the Middle District of Florida.

4.     HSI FINANCIAL SERVICES, LLC is headquartered in Atlanta Georgia, and is authorized to conduct, and so regularly conducts, business in the State of Florida.

5.     Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. §153(39).

6.     HSI FINANCIAL SERVICES, LLC is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. §153(39).

7.     In or around February of 2016, Plaintiffs received numerous telephone calls on his cellular telephone from HSI FINANCIAL SERVICES, LLC, attempting to collect a debt from the Plaintiff.

8.     On at least one occasion in February of 2016, Plaintiff demanded that HSI FINANCIAL SERVICES, LLC stop calling Plaintiff's cellular telephone number.

9.     During the aforementioned phone conversation(s) with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have had, or believed they had, for placement of telephone calls to Plaintiff's cellular telephone number by the use of an automatic telephone dialing system or a prerecorded or artificial voice.

10.    Each subsequent call Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

11.     Despite actual knowledge of their wrongdoing, and that they did not have Plaintiff's consent, HSI FINANCIAL SERVICES, LLC continued to call Plaintiff's cellular telephone throughout February and March 2016, including, but not limited to, the following; three calls on February 8, 2016, two calls on February 9, 2016, two calls on

February 10, 2016, two calls on February 11, 2016, a call on February 15, 2016 three calls on February 16, 2016, two calls on February 17, 2016, two calls on February 18, 2016, two calls on February 19, 2016, a call on February 20, 2016, a call on February 22, 2016, a call on February 23, 2016, a call on February 24, 2016, a call on February 25, 2016, a call on February 26, 2016, two calls on February 27, 2016 and two calls on March 1, 2016.

12.    At all times relevant herein, Plaintiff has been the subscriber and user, and has exercised dominion and control of his cellular telephone number that received the subject calls which form the basis of this action.

13.    HSI FINANCIAL SERVICES, LLC placed all of the above referenced calls to Plaintiff's cellular telephone number using an "automatic telephone dialing system" ("ATDS"), as that term is defined by 47 U.S.C. § 227 (a)(1), meaning it had the capacity to store or produce numbers randomly or sequentially, and to dial such numbers, and to place telephone calls to Plaintiff's cellular telephone.

14.    Several of the calls placed to Plaintiff's cellular telephone number were placed using an artificial and pre-recorded voice message.

15.    As further indicia that an ATDS was utilized by HSI FINANCIAL SERVICES, LLC, any calls which were not placed using a pre-recorded voice message were predictively dialed and connected to an outsourced call center operation upon answer or connection to voicemail.

16.    HSI FINANCIAL SERVICES, LLC did not have Plaintiff's express consent to make calls to Plaintiff's cellular telephone number using an ATDS or an artificial or pre-recorded voice message.

17.     Plaintiff is not party to any debt, contract, or obligation with the Defendant, and has never provided his cellular telephone number to HSI FINANCIAL SERVICES, LLC for any purpose.

## THE TCPA

18.     Congress enacted the TCPA to prevent real harm.   Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; *see also Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

19.     Accordingly, the TCPA regulates, *inter alia*, the use of prerecorded messages and use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

20.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless

customers are charged for incoming calls whether they pay in advance or after the minutes are used.

21.    In 2003, the FCC held that predictive dialers like the one used by defendant constitute an ATDS under the TCPA. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 18 F.C.C.R. 14014, 14115, ¶ 131 (July 3, 2003).

22.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C. Rcd. 559 ¶1 (Jan. 4, 2008) ("2008 FCC Ruling").   The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."   Id. at ¶9-10.

23.    In the same Declaratory Ruling, the FCC emphasized that both the creditor and the third party debt collector may be held liable under the TCPA for debt collection calls.   Id. at ¶10 & n.38.   ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call….A third party collector may also be liable for a violation of the Commission's rules.")

24.     The FCC also held "[c]onsumers may revoke consent in any manner that clearly expresses a desire not to receive further messages, and that callers may not infringe on that ability by designating an exclusive means to revoke." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Declaratory Ruling and Order, FCC 15-72, 2015 FCC LEXIS 1586, ¶ 63, 30 FCC Rcd 7961, 2015 FCC LEXIS 1586, 62 Comm. Reg. (P & F) 1539 (F.C.C. July 10, 2015) ("FCC 2015 Order").

25.     Verbal instructions to cease collection calls apply to the TCPA and thus effectively revoke any prior consent the caller may have had. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), also see *FCC 2015 Order* section titled "Revoking Consent."

## COUNT I: VIOLATION OF THE TCPA

26.     Plaintiff restates each of the factual allegations in all other paragraphs as if full stated herein.

27.     This claim is for violation of the TCPA by HSI FINANCIAL SERVICES, LLC.

28.     The telephone calls from HSI FINANCIAL SERVICES, LLC to Plaintiff's cellular telephone number were made using an ATDS.

29.     The subject calls were made using a predictive dialer.

30.     Many of the subject calls were made using an artificial or pre-recorded voice message.

31.     HSI FINANCIAL SERVICES, LLC made calls to Plaintiff at a telephone number assigned to a cellular telephone service.

32.    The telephone calls HSI FINANCIAL SERVICES, LLC made to Plaintiff were not made for emergency purposes, as defined by TCPA § 227 (b)(1)(A)(i).

33.    HSI FINANCIAL SERVICES, LLC made unsolicited telephone calls to the wireless telephone number of plaintiff and the other members of the class using a pre-recorded voices and or using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

34.    At the time HSI FINANCIAL SERVICES, LLC made the phone calls alleged herein, the Defendant did not have express consent to do so.

35.    HSI FINANCIAL SERVICES, LLC has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States "... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... ".

36.    By effectuating these unlawful phone calls, Defendant has caused Plaintiff the very harm that Congress sought to prevent - a "nuisance and invasion of privacy."

37.    Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

38.     Defendant's phone calls harmed Plaintiff by wasting his time.

39.    Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff

by depleting the battery life on his cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider.

40.     As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under § 227(b)(3)(B), and are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

41.     Plaintiff and class members are also entitled to, and do, seek injunctive relief prohibiting HSI FINANCIAL SERVICES, LLC'S violations of the TCPA in the future.

## CLASS ALLEGATIONS

42.     Plaintiff restates each of the allegations in all other paragraphs as if full stated herein.

43.     Plaintiff, individually and on behalf of all others similarly situated, bring the above claims on behalf of a Class.

44.     The Class consists of:

> (1) All persons in the United States (2) to whose cellular telephone number (3) HSI FINANCIAL SERVICES, LLC made a non-emergency telephone call (4) using the same dialing system(s) used to call Plaintiff or an artificial or prerecorded voice (5) within 4 years of the complaint (6) where HSI FINANCIAL SERVICES, LLC did not have express consent to call said cellular telephone number.

And two sub classes:

> *Sub-Class A*
> (1) All persons in the United States (2) to whose cellular telephone number (3) HSI FINANCIAL SERVICES, LLC made a non-emergency telephone call (4) using the same dialing system(s) used to call Plaintiff or an artificial or

prerecorded voice (5) within 4 years of the complaint (6) who was not the person alleged to owe the debt in question.

*Sub-Class B*
(1) All persons in the United States (2) to whose cellular telephone number (3) HSI FINANCIAL SERVICES, LLC made a non-emergency telephone call (4) using the same dialing system(s) used to call Plaintiff or an artificial or prerecorded voice (5) within 4 years of the complaint (6) after that person had instructed the Defendant to cease calls to that number.

45.     As alleged above, HSI FINANCIAL SERVICES, LLC has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls; such calls are also an intrusion upon seclusion, diminish cellular battery life, and waste time.

46.     Plaintiff represents and is a member of the Class and each subclass. Excluded from the Class are Defendant and any entities in which HSI FINANCIAL SERVICES, LLC has a controlling interest, the Defendant's agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

47.     Plaintiff does not know the exact number of members in the Class, but based upon the size, national scope of HSI FINANCIAL SERVICES, LLC'S business, and the use of automated software to make the debt collection calls, Plaintiff reasonably believes that the class members' number at a minimum in the thousands.

48.     Plaintiff and all members of the Class have been harmed by HSI FINANCIAL SERVICES, LLC'S actions.

49.     This Class Action Complaint seeks money damages and injunctive relief.

50.     The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to both the parties and the Court in avoiding multiplicity of identical suits. The class can be easily identified through records maintained by HSI FINANCIAL SERVICES, LLC.

51.     There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to:

      a.  Whether HSI FINANCIAL SERVICES, LLC engaged in a pattern of using an ATDS to make calls to cellular telephones;

      b.  Whether HSI FINANCIAL SERVICES, LLC'S dialer delivers pre-recorded messages to cellular telephones;

      c.  Whether HSI FINANCIAL SERVICES, LLC's conduct was knowing and/or willful;

      d.  Whether HSI FINANCIAL SERVICES, LLC's actions violated the TCPA; and

52.     As a person who received the telephone calls using an ATDS or an artificial or prerecorded voice, without their prior express consent, all within the meaning of the TCPA, Plaintiff asserts claims that are typical of the members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff does not have an interest that is antagonistic to any member of the Class.

53.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

54.    A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel HSI FINANCIAL SERVICES, LLC to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against the Defendant is small because the statutory damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

55.    HSI FINANCIAL SERVICES, LLC has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor and favor of the Class, and against HSI FINANCIAL SERVICES, LLC for:

1. A declaration that the Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

2. A declaration that HSI FINANCIAL SERVICES, LLC used an ATDS to call the Plaintiff;

3. An injunction requiring the Defendant not to call any reassigned numbers or numbers that were skip-traced to ensure that Plaintiff is not called if Plaintiff obtains additional telephone numbers in the future;

4. An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call any reassigned numbers or numbers that were skip-traced to ensure that Plaintiff is not called in the future;

5. An injunction requiring Defendant not to call any numbers after a request to cease communications to ensure that Plaintiff is not called in the future;

6. An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call any numbers after a request to cease communications to ensure that Plaintiff is not called in the future;

7. An injunction requiring Defendant not to call any reassigned numbers or numbers that were skip-traced to ensure that class members are not called if they obtain additional telephone numbers in the future;

8. An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call any reassigned numbers or numbers that were skip-traced to ensure that class members are not called in the future;

9. An injunction requiring Defendant not to call any numbers after a request to cease communications to ensure that the class members are not called in the future;

10. An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call any numbers after a request to cease communications to ensure that the class members are not called in the future;

11. An award of actual damages;

12. An award of statutory damages for Plaintiff and each Class member in the amount of $500.00 for each and every call that violated the TCPA;

13. An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiff and each Class member for each and every call that violated the TCPA;

14. An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

15. Attorney's fees, litigation expenses and costs of suit; and

16. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, demands trial

by jury.


Dated:   June 17, 2016

STEVEN DAMRON, individually and on behalf of
all others similarly situated,

/s/ *William Peerce Howard*
William Peerce Howard (FBN0103330)
Amanda J. Allen (FBN 098288)
The Consumer Protection Firm
210-A South MacDill Avenue
Tampa, FL 33609
(813) 500-1500 Telephone
(813) 435-2369 Facsimile
Billy@TheConsumerProtectionFirm.com
Amanda@TheConsumerProtectionFirm.com

One of Plaintiffs' Attorneys